In the Matter of ABRAHAM H. SPIGELGASS, an Attorney, Respondent.

Second Department, February 15, 1929.

*Mortimer W. Byers*, for the motion.

*Abel E. Blackmar*, opposed.

PER CURIAM. There are two charges: (1) That respondent received $500 from his client, not as a retainer but to settle four negligence cases in which damages claimed against the client aggregated $30,000, and that respondent sought to retain the amount as a fee instead of using it to settle the cases; (2) that respondent, having negligently permitted a client's lien to expire by lapse of time, falsely stated to the client that an action was pending to foreclose the lien.

As to the first charge: The varying stories told by the client, one of which is as consistent with respondent's claim as the client's; the testimony of a witness given almost six years after the incident, only in part and then unsatisfactorily corroborating the client's story when weighed in the balance with respondent's insistence that the $500 was a retainer, and the extremely remote likelihood that an attorney of experience would arrange to settle for $500 negligence actions with damages aggregating $30,000, without any knowledge of the facts except as they may have been stated by

the client, and without having made any investigation of the facts, are far from convincing. The agreement to return a part of the fee upon the substitution of another attorney in light of the circumstances, and the partial copy of receipt given by respondent, do not militate against respondent's position. The finding of the referee is not supported by the credible testimony, and the first charge should be dismissed.

As to the second charge: It is not disputed that through neglect, partly induced by sickness and family trouble, respondent permitted his client's mechanic's lien to become useless by reason of his failure to begin an action within the statutory period or to procure an extension thereof. His neglect was not willful. Because of his carelessness, respondent became civilly liable. After the lien had expired, respondent falsely represented to his client that the latter's rights were fully protected and that the case was upon the calendar until the respondent was confronted by the client's knowledge of the true state of affairs several months after the lien had expired. Respondent says he acted as he did because of fear or shame. He had been actively engaged in the practice of the law for seventeen years and was far from wanting in experience. He must have understood the situation. The proof indicates his act was inexcusable. It appears that after the disclosure of respondent's neglect he was retained in another matter, in which he seems to have had some difficulties with the client and the attorney who had brought the client to him. A year after the lien had lapsed, the client retained another attorney to bring charges against the respondent. Thus it would seem that, for a time, the client had overlooked the attorney's shortcomings, probably expecting that the attorney would respond to his expressions of intention to repair the damage caused by his neglect, which, as far as the record discloses, has not been done, although part of the loss has been otherwise recouped. Respondent's attitude toward the matter, both before and after the mechanic's lien had expired, was wanting in that thoughtful and dutiful consideration to which a client's interests are entitled. The deceit did not involve the client in any loss, for that had already been incurred. However, it affects the character of the respondent as an attorney and counselor at law. Respondent is guilty of misconduct for which he deserves, and there is hereby administered to him, the censure of the court.

Present — LAZANSKY, P. J., KAPPER, HAGARTY, SEEGER and SCUDDER, JJ.

Motion to confirm report of official referee in disciplinary proceedings. First charge dismissed. As to second charge, respondent censured.